# GUSRAE KAPLAN NUSBAUM PLLC

ATTORNEYS AT LAW
120 WALL STREET
NEW YORK, NEW YORK 10005

TEL: (212) 269-1400
~~FAX: (212) 809-5449~~
www.gusraekaplan.com

DAVID A. GEHN
MARTIN H. KAPLAN
MARLEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO

** MEMBER NY AND NJ BAR

OF COUNSEL
ROBERT L. BLESSEY
CIRINO M. BRUNO

COUNSEL
BRIAN D. GRAIFMAN (X 627)

October 16, 2013

**VIA ECF**
Hon. Roslynn R. Mauskopf
U.S. Courthouse, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: ***YLL response to Kolel's letter***
    Kolel Beth Yechiel Mechil of Tartikov, Inc. v Lincoln Life and
    Annuity Company of New York, et al., 1:13-cv-04368-RRM-SMG

Dear Judge Mauskopf:

  We are counsel to YLL Irrevocable Trust ("YLL"), and write in compliance with your October 11 order to respond to Kolel Beth Yechiel Mechil of Tartikov, Inc.'s ("Kolel") letter (ECF Doc. #10) requesting an order directing Lincoln Life and Annuity Company ("Lincoln") to pay death benefits to Kolel or an order transferring the matter to Judge Marrero in the SDNY. We oppose Kolel's request and, as a cross-claiming party in this case where issue was joined by Kolel's recent answer (ECF Doc. #9), respectfully request that the Court only consider such relief after the issues have been fully briefed in a proper motion on notice providing due process.

  By way of background, the genesis of this dispute stems from an agreement between the parties governing the securitization of a life insurance portfolio. When disputes arose, Kolel filed suit in violation of an arbitration provision. Faced with the contractual obligation, the parties determined to proceed to Rabbinical Court (arbitration). The arbitration award upon which Kolel grounds its right to payment is a "preliminary" decision made in that unconcluded arbitration.[1] Significantly, Kolel has never presented the award to this Court (or to the state court

---

[1] The preliminary award was confirmed in district court after a challenge to the arbitrator's bias. Judge Marrero confirmed the award, but offered that "[t]here is no reason why the parties must retain the same panel of arbitrators for the next phase of the arbitration. Indeed, in light of how matters have proceeded, it would be highly advisable for the parties to try to agree on a new neutral arbitrator, if only to ensure that the parties are not wasting their time, and this Court's, with future litigation." Judge Marerro's decision was affirmed by the Second Circuit, but is subject to a motion for panel rehearing and rehearing en banc. No mandate has issued, and the

GUSRAE KAPLAN NUSBAUM PLLC

Hon. Roslynn R. Mauskopf
October 16, 2013
Page 2

prior to removal). That is because the award is labeled "preliminary" and does not even purport to address the payout of death benefits. Indeed, the award provides as follows (with emphasis added):

> The foregoing award is mandatory but preliminary, and is made without prejudice to such further proceedings as may be held herein. Any question regarding discovery and forensic investigations is reserved for future determination pending further proceedings. The exclusive jurisdiction of the Rabbinical Court over the Arbitration shall and does continue until a final award is issued and all matters have been resolved and adhered to as determined by them. Moreover, the Rabbinical Court reminds all parties to the Arbitration that, pursuant to the agreement among them, all matters pertaining to compliance or clarification of the Rabbinical Court's decision shall be within the frame work of Halacha (Jewish law) and secular law as set forth in the agreement and should be addressed to the Rabbinical Court in the first instance.

Kolel admits that by its own terms the award requires that any clarification must be addressed by the Rabbinical Court, and recently has asked it to convene on the issue, citing the provision above. Similarly, in a related case, the Second Circuit will be considering the "preliminary" status of the award and whether a United States District Court even has jurisdiction to interpret it (Kolel v. John Hancock Life Ins. Co., 13-3398 (2d Cir.)).[2] In any event, there is no definitive ruling on the issue that would have preclusive effect on YLL in this action.

Kolel filed this action in state court against Lincoln to recover a $10 million death benefit on a policy. Kolel did not name YLL as a party or notify YLL of the action despite the long history of litigation over these policies. Lincoln, however, filed a third-party complaint to join YLL as an interested party. YLL removed the state action to this Court, filed an answer, asserted a counterclaim against Lincoln, and made a cross-claim against Kolel (ECF Doc. #4, filed Aug.

---

quoted portion above clearly recognizes that the interim award contemplated further proceedings. We preserve all rights to seek recusal of the neutral arbitrator, as suggested by the court, or related relief.

[2] That appeal arises out of Judge Marrero's ordering John Hancock to pay the proceeds of one of the policies to Kolel without allowing YLL to intervene, move, or plead as a party, and despite the language of the award which retains jurisdiction over clarification for the Rabbinical Court (*see* 13-cv-2443 (SDNY) (ECF Docs. 27, 36, 39)). The court erred because interpretation of the preliminary award is the exclusive province of the Rabbinical arbitrators pursuant to the Federal Arbitration Act section 3 (9 U.S.C. § 3), and the arbitration agreement. That same principle applies here.

GUSRAE KAPLAN NUSBAUM PLLC

Hon. Roslynn R. Mauskopf
October 16, 2013
Page 3

20, 2013). YLL's pleading explicitly asserted that the award was merely preliminary and that issues relating to the payment of death benefits was subject to an ongoing arbitration (¶¶ 43-44, 57). Notably, the relief we seek in this action against Kolel and Lincoln relates to that issue specifically – to wit, "declaring that the proceeds of the [policy] are subject to an ongoing arbitration between Kolel and YLL, which arbitration has not been fully and finally concluded on the issue of policy proceeds; and that Kolel is not entitled to the proceeds of the [policy] . . ." (ECF #4, p. 10). Kolel failed to answer YLL's claims for almost two months, and did so only after YLL filed a request for certificate of default (ECF Docs. #8-9). Since Kolel has answered, issue is joined before this court on YLL's cross-claim. We are prepared to proceed with discovery, motion practice and trial.

We would oppose any motion to transfer this action to the SDNY because there currently is no active action in the SDNY. In light of that, there is no reason that this action should be transferred out of the EDNY. It was originally filed by Kolel, a corporation domiciled in Kings County, in the Supreme Court of New York for the County of Kings and properly was removed to this Court.

Finally, given that a District Court's authority to interpret the preliminary award is the subject of YLL's current appeal of Judge Marrero's order in John Hancock to the Second Circuit, the Court might consider maintaining the status quo by staying this action until such time as the Second Circuit provides its guidance. In any event, we respectfully request that YLL and the other parties be allowed to fully brief all of the issues raised by Kolel's letter before this Court makes any decision or issues any order.

Thank you in advance for your consideration.

Respectfully submitted,

Brian D. Graifman
(bgraifman@gusraekaplan.com)

Cc:   Ira S. Lipsius & Phillip M. Manela, Esqs. (counsel for plaintiffs) (via ECF)
      Katherine L. Villanueva, Esq. (counsel for Lincoln Life) (via ECF)